UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD WHITE, | No. 2:14-cv-1292 TLN AC P |
| Plaintiff, | |
| v. | ORDER AND |
| SACRAMENTO COUNTY DISTRICT ATTORNEY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff filed this action while a county inmate and is currently a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. However, because the court finds that this action is subject to summary dismissal, no filing fee will be assessed at this time.

Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.
10    A complaint must contain more than a "formulaic recitation of the elements of a cause of
11  action;" it must contain factual allegations sufficient to "raise a right to relief above the
12  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading
13  must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]
14  a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and
15  Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual
16  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,
17  556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility
18  when the plaintiff pleads factual content that allows the court to draw the reasonable inference
19  that the defendant is liable for the misconduct alleged."  Id.
20    In reviewing a complaint under this standard, the court must accept as true the allegations
21  of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740
22  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
23  the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).
24    Plaintiff's Allegations
25    Plaintiff names the following as defendants: the Sacramento (County) District Attorney's
26  Office and/or what he vaguely identifies as a "department" of the DA's Office; (former)
27  Sacramento County District Attorney Jan Scully; someone described as "unknown-Lady Dain
28  Dept. 61"; and Sacramento County.  Complaint, ECF No. 1, at 1-2.  The "Statement of Claim"

1  states in full:

> August 22 of 2013 having family and friends in open court, at the important bail deduction hearing, the district attorney state [sic] I was a 3 strikes canidate [sic], then stated I suffered rape and sodomy conviction, this sure helped my bail deduction, but the open court lie of rape and sodomy this slander is not accepted the most hainiest [sic], and feared crime that all decent people hate and fear, this is one allegation not to be put on anybody ever, the talk, if it is not true why would they say it and this district attorney said I was a three [] canidate [sic] ensuring to prejudice my bail deduction hearing [.]

Id. at 3.

As relief, plaintiff seeks a "printed apology," a "true bail deduction hearing," for an unnamed person to be removed from the practice of law and from her job, and for the federal court to bring felony charges against "her" and "disbar her immediately." Id.

Rule 8 Pleading Requirements

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief . . .." The liberal rules of pleading require only "that the plaintiff give 'fair notice' of the claim and its basis." Sagana v. Tenorio, 384 F.3d 731, 736 (9th Cir. 2004) (citing Conley v. Gibson, 355 U.S. 41, 47 [] (1957)."[1] Here, plaintiff's allegations fail to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff has not even identified the deputy district attorney whose actions at a bail hearing he seeks to put in issue. Nor is it possible to determine the basis of plaintiff's claim or to identify what acts of any of the named defendants allegedly violated plaintiff's rights. In addition, plaintiff seeks relief that is not available in a § 1983 action and relief in excess of this court's jurisdiction.

No Cognizable Claim Under § 1983

Plaintiff may be seeking to challenge his criminal conviction or sentence, for which an action under 42 U.S.C. § 1983 is not the appropriate vehicle.

Federal law opens two main avenues to relief on complaints related

---

[1] Conley was abrogated on another ground by Bell Atlantic Corp. v. Twombly, 550 U.S. 544.

3

>     to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500[] (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750-752 (2004) (per curiam). Plaintiff does not challenge the conditions of his confinement, and his claims therefore must be dismissed.

### Prosecutorial Immunity

Moreover, as to all the putative defendants, plaintiff is informed that prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

The conduct for which plaintiff seeks relief, a prosecutor's argument in court at a bail hearing, is inarguably related to the initiation and presentation of a criminal prosecution. Accordingly, absolute immunity bars any claims for damages that plaintiff may intend. Imbler v. Pachtman, 424 U.S. 409.

### No Equitable Relief Available

While "[i]mmunity does not extend. . . to actions for prospective injunctive relief," Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986),[2] since plaintiff is now incarcerated in state prison, equitable relief is no longer available from the county defendants. Id. In addition, in asking the court to bring felony charges, plaintiff seeks relief that is unauthorized under §1983

---

[2] Citing Pulliam v. Allen, 466 U.S. 522, 541-42 (1984).

4

1  and entirely beyond the jurisdiction of this court.  Courts serve an adjudicatory, not prosecutorial,
2  function.

3        Summary Dismissal

4        "Under Ninth Circuit case law, district courts are only required to grant leave to amend if
5  a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint
6  lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v.
7  Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004) (citing Doe v.
8  United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even
9  if no request to amend the pleading was made, unless it determines that the pleading could not be
10 cured by the allegation of other facts.")).  The undersigned can discern no manner in which the
11 defects of the complaint could be cured by amendment.  The court will recommend summary
12 dismissal of this action without leave to amend for plaintiff's failure to state a claim.

13       Request for Appointment of Counsel

14       Plaintiff has requested appointment of counsel.  The United States Supreme Court has
15 ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983
16 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional
17 circumstances, the district court may request the voluntary assistance of counsel pursuant to 28
18 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
19 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

20       The test for exceptional circumstances requires the court to evaluate the plaintiff's
21 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
22 light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th
23 Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); Wilborn v.
24 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.
25 1983).  In this instance, because the court must recommend a summary dismissal of this action
26 because plaintiff's allegations lack merit altogether, the court does not find the requisite
27 exceptional circumstances to warrant appointment of counsel and the request will be denied.
28       Accordingly, IT IS ORDERED that plaintiff's request for the appointment of counsel,

ECF No. 8, is denied.

IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE